## J. R. BISSELL DRY GOODS CO. v. THORNTON. (No. 2650.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 30, 1922.)

**Pleading** ⬅️258(4)—**Plaintiff held precluded from objecting to trial amendment on ground of surprise and inability to meet issues.**

Where defendant had raised a defense in a supplemental answer which was not excepted to, and the parties had joined issue thereon, and evidence both for and against it had been introduced without objection, the plaintiff could not object to a trial amendment setting out such defense more fully on the ground of surprise and inability to then meet the issues presented thereby.

Appeal from District Court, Hopkins County; Geo B. Hall, Judge.

Suit by the J. R. Bissell Dry Goods Company against Mrs. Fannie Thornton. Judgment for defendant, and plaintiff appeals. Affirmed.

R. B. Keasler, of Sulphur Springs, for appellant.

Dial, Melson, Davidson & Brim, of Sulphur Springs, for appellee.

HODGES, J. The appellant is a private corporation organized under the laws of Missouri, with its place of business in St. Louis. The appellee is engaged in the mercantile

---

business in Sulphur Springs, Tex. In 1921 the appellant sued the appellee on a verified account to recover the sum of $1,163.54 claimed to be due for goods theretofore sold and delivered to the appellee. Among other defenses, appellee pleaded in a supplemental answer that the order sued upon had been countermanded and that the countermand had been accepted by the appellant. After the parties had concluded the taking of testimony in the trial court, the appellee was permitted to file a trial amendment setting out more fully the defense based upon the countermand and its acceptance. Only two questions were submitted to the jury: The first was, Did the appellee countermand the order for this bill of goods? The second was, Did the appellant accept that countermand? Both of these questions were answered in the affirmative.

In this appeal the appellant complains of the action of the court in allowing the appellee to file the trial amendment at that stage of the proceeding. The only basis for an objection of this kind would be the surprise to the other party, and its inability to then meet the issues presented by the trial amendment. No such objection can be urged in this instance. The appellee had previously raised that defense in a supplemental answer, which was not excepted to, the parties had apparently joined issue upon the truth of that defense, and evidence both for and against it had been introduced without objection. It is not now claimed that appellant suffered any injury by reason of a surprise.

It is also insisted that the testimony did not support the findings made by the jury. The evidence was based mainly upon a written correspondence between the parties. Some of the letters were produced, but others had been lost or destroyed, and parol testimony as to their contents was admitted without objection. While the evidence upon the issues submitted was not as clear as it might have been, had the entire correspondence been produced, we are unable to say there was not enough to support that defense as found by the jury.

The judgment is affirmed.